UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HOLGER P.A.P.,

Petitioner,

Civil No. 26-571 (JRT/LIB)

v.

PAMELA BONDI, *U.S. Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and

ERIC TOLLEFSON, *Sheriff of Kandiyohi County*,

Respondents.

**MEMORANDUM OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Emily Curran, **HOUSING JUSTICE CENTER**, Northwestern Building, 275 East Fourth Street, Suite 590, St. Paul, MN 55101, for Petitioner.

David W. Fuller, Matthew Isihara, and Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Holger P.A.P. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 22, 2026. Holger P.A.P. petitions for a writ

of habeas corpus, arguing that he is being detained unlawfully.  On February 13, 2026, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation (R&R), recommending that Holger P.A.P.'s amended petition be denied without prejudice. Because the Court concludes that Holger P.A.P.'s detention is unlawful, the Court will sustain Petitioner's objection, reject the R&R, and order that Petitioner be released from custody.

## BACKGROUND

Holger P.A.P. is a citizen of Ecuador and a resident of Minneapolis, Minnesota.  (Am. Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 13, Feb. 9, 2026, Docket No. 9.)  On August 10, 2023, United States Border Patrol encountered Petitioner near Lukeville, Arizona. (Decl. of James L. Van Der Vaart ¶ 5, Jan. 26, 2026, Docket No. 6.)  Petitioner stated that he had entered the United States illegally, and United States Border Patrol issued an Expedited Removal Order.  (*Id.*)  After receiving the Expedited Removal Order, Petitioner claimed a fear of returning to his home country, and Border Patrol submitted a Credible Fear claim request to the United States Citizenship and Immigration Services (USCIS) on August 16, 2023.  (*Id.* ¶¶ 5–6.)  On August 29, 2023, USCIS issued a Notice to Appear, scheduling a removal hearing.  (*Id.* ¶ 7.)  Petitioner failed to appear for his removal hearing, and on November 25, 2024, an immigration judge ordered that Petitioner be removed. (*Id.* ¶ 10.)  At no point was Petitioner detained during these proceedings.

On January 22, 2026, ICE arrested Holger P.A.P. without a warrant after he had just returned home and parked his car in the garage.  (Pet. ¶ 19.)  Between November 25,

2024, the day he was ordered removed, and January 22, 2026, the day of his arrest, ICE did not contact Petitioner regarding any removal efforts, and he has not been charged with any crimes. (*Id.* ¶¶ 16–17.)

The same day Petitioner was arrested, he filed a Verified Petition for Writ of Habeas Corpus, challenging the lawfulness of his detention. (Jan. 22, 2026, Docket No. 1.) Petitioner then filed an Amended Verified Petition for Writ of Habeas Corpus. (Feb. 5, 2026, Docket No. 9.) On February 13, 2026, Magistrate Judge Brisbois issued an R&R, recommending that the Court deny the Amended Petition without prejudice. (Docket No. 13.) Petitioner timely objected to the R&R on February 21, 2026. (Docket No. 14.) On March 7, 2026, Respondents requested an extension of time to respond to Petitioner's objections (Docket No. 15), and Petitioner opposed the request (Docket No. 16). Respondents submitted an untimely response to Petitioner's objections on March 9, 2026. (Docket No. 18.)[1]

## DISCUSSION

Respondents argue that 8 U.S.C. § 1231 governs Petitioner's detention because Petitioner is subject to a final order for removal.

---

[1] The Court will deny Respondents' request for an extension of time to file a response to Petitioner's request, and declines to consider any response to Petitioner's objections to the R&R. *See* D. Minn. LR 72.2(b)(2). However, the Court notes that after reviewing Respondents' March 9, 2026 submission, the Court is not persuaded that Petitioner's detention is lawful on the basis asserted by Respondents, for the reasons explained below.

Congress has established a statutory framework which provides that individuals ordered removed may be detained during a 90-day removal period, from the date the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1). A person with a final order of removal who is not removed within the removal period "shall be subject to supervision," and may be required to periodically appear before an immigration officer, obey reasonable written restrictions, and provide information or submit to medical evaluations if necessary. *Id.* § 1231(a)(3). A person may be detained beyond the removal period if they are determined to be "a risk to the community or unlikely to comply with the order of removal[.]" *Id.* § 1231(a)(6).[2]

If a noncitizen is detained under 8 U.S.C. § 1231(a), the noncitizen's detention is governed by its implementing regulations at 8 C.F.R. § 241. Under § 241.13, supervised release may be revoked in two circumstances: (1) if the individual violates release conditions, or (2) "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [individual] may be removed in the reasonably foreseeable

---

[2] The Supreme Court explained in *Zadvydas* that immigration detention pursuant to 8 U.S.C. § 1231 exceeding six months raises significant constitutional concerns. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). That is, the Fifth Amendment's Due Process Clause does not permit indefinite detention under this statute; a six-month detention is presumptively constitutional, after which "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Here, the Magistrate Judge recommended the Amended Petition be denied without prejudice because Petitioner had been in detention less than 30 days, which falls within the presumptively constitutional six-month period. (R&R at 13.) Although the Court agrees that Petitioner's claim under *Zadvydas* appears premature, the Court will reject the R&R on the basis that Respondents failed to follow their own regulations.

future." 8 C.F.R. § 241.13(i)(1)–(2). In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the noncitizen "of the reasons for revocation of his or her release" and to "conduct an initial informal interview promptly after [the noncitizen's] return to [ICE] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3).

Petitioner's re-detention is governed by § 241.13 because Petitioner likely "provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). Indeed, the record shows that Petitioner was released into the United States after being encountered by immigration officials in August 2023. Neither Petitioner nor Respondents have produced documentation of Petitioner's August 2023 release, but these documents would presumably show that ICE determined that his removal was not significantly likely in the reasonably foreseeable future. Although Petitioner bears the burden of showing that his detention is unlawful, *see Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025), Respondents bear the burden under § 241.13 of showing that "changed circumstances" justified the revocation of release, *see Yee S. v. Bondi*, 806 F. Supp. 3d 894, 900 (D. Minn. 2025).

It is well-established that "[a]gencies must follow their own regulations." *Saengnakhone S. v. Noem*, Civ. No. 25-4775, 2026 WL 34132, at *3 (D. Minn. Jan. 6, 2026)

(citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954)).  On the record before the Court, Petitioner has shown that Respondents have failed to follow their own procedures regarding the revocation of release and thus fail to show that "changed circumstances" existed to support the conclusion that Petitioner is significantly likely to be removed in the reasonably foreseeable future.  The record does not indicate that Petitioner was notified of the revocation of his release, as required under federal regulations.  *See* 8 C.F.R. § 241.13(i)(3).  Nor does the record show that immigration officials conducted an informal interview or otherwise gave Petitioner an opportunity to respond to the revocation.  Instead, Petitioner was arrested without notice or a warrant.  Because the record contains no facts showing that Respondents followed their own procedures, and no indication that changed circumstances make Petitioner's removal significantly likely in the reasonably foreseeable future, or that Petitioner violated any conditions of release, the Court concludes that Petitioner's detention is unlawful.

Accordingly, the Court will grant Holger P.A.P.'s petition for writ of habeas corpus and will order that he be released from custody.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondents' request for an extension of time to file a response to Petitioner's Objections (Docket No. [15]) is **DENIED**.

2. Petitioner Holger P.A.P.'s Objection to the Report and Recommendation (Docket No. [14]) is **SUSTAINED**.

3. The Report and Recommendation (Docket No. [13]) is **REJECTED**.

4. Petitioner Holger P.A.P.'s Amended Verified Petition for Writ of Habeas Corpus (Docket No. [9]) is **GRANTED**, as follows:

   a. If Petitioner was released subject to an order of supervision, Petitioner shall be released from custody subject to the conditions, if any, in such prior order of supervision.  If Petitioner was not subject to a prior order of supervision, he shall be released without conditions.

   b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

   c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

   d. Given the potentially severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in inclement weather.  It is preferable to release Petitioner to counsel to ensure humane treatment.

e.  Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents.

f.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on March 17, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: March 13, 2026  
at Minneapolis, Minnesota.  
2:30 p.m.

                                            JOHN R. TUNHEIM  
                                      United States District Judge